**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID CAMPOS,      ) | | |
| ID # 29724-177,      ) | | |
|                      Movant,      ) | | No. 3:13-CV-2980-D-BH |
| vs.      ) | | No. 3:03-CR-0016-D |
|      ) | | |
| UNITED STATES OF AMERICA,      ) | | |
|                      Respondent.      ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

David Campos ("Movant"), an inmate in the federal prison system, has filed a *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot."). The respondent is the United States of America ("Government").

On September 28, 2004, Movant pled guilty in Cause No. 3:03-CR-016-R to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), 924(e), pursuant to a plea agreement. (*See* docs. 73, 74).[1] Because he had two previous convictions determined to be "serious drug offenses" and a third conviction for unlawful possession of a firearm silencer, determined to be a "violent felony," he was sentenced to a fifteen-year minimum sentence under the Armed Career Criminal Act (ACCA), followed by a three-year term of supervised release, on February 28, 2005. (docs. 81, 83, Presentence Report "PSR" ¶¶ 33, 39, 41); *see also* 18 U.S.C. § 942(e)(2). Movant did

---

[1] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

not appeal his conviction or sentence.

On February 15, 2012, Movant challenged his conviction on the standard form for habeas petitions filed under 28 U.S.C.§ 2241.  He claimed that his sentence was improperly enhanced because he is actually innocent of being an armed career criminal, that his attorney was ineffective, and that his plea was involuntary.  Because these claims properly arise under 28 U.S.C. § 2255, his filing was construed as a § 2255 motion.  On March 19, 2012, it was denied as barred by the statute of limitations.  *See Campos v. United States*, No. 3:12-CV-0545-L (N.D. Tex. March 19, 2012). Movant filed a motion for reconsideration that was denied on April 12, 2012. He then filed a timely appeal.  On January 7, 2013, the Fifth Circuit denied him a certificate of appealability and affirmed the denial of relief.  *See United States v. Campos*, No. 12-10500 (5th Cir. Jan. 7, 2013).  Because Movant had not received warning of the intent to construe his § 2241 habeas petition as a § 2255 motion as required by *Castro v. United States*, 540 U.S. 375, 383 (2003), however, its order stated that this initial challenge to his conviction could not be considered for purposes of the restrictions on a second or successive § 2255 motion.  *Id*.

Movant mailed his current § 2255 motion, along with a memorandum in support, on July 28, 2013. (Mot. at 10-11).  He claims that: (1) the sentence imposed exceeds the statutory maximum because he was sentenced under the ACCA based, in part, on a previous conviction for unlawful possession of a prohibited weapon, which is not a violent felony (Memorandum at 2-3); and (2) his Sixth Amendment right to jury was violated when the district court applied a mandatory minimum sentence based on a factual finding that he was an armed career criminal, a fact not decided beyond a reasonable doubt by a jury. (Mem. at 8-9).  The Government filed a response on September 26, 2013, arguing that the § 2255 motion is barred by the statute of limitations, procedurally barred, and without merit. (*See* Response, doc. 8).  Movant filed a reply brief on October 29, 2013.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), Movant's conviction became final on March 10, 2005, when the ten days for filing an appeal from the judgment elapsed. *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).[2] With regard to § 2255(f)(4), the facts supporting the claims raised in the motion became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Movant does not claim that government action prevented him from filing a § 2255 earlier under § 2255(f)(2). He does assert that his claims should be considered timely under § 2255(f)(3) because his claims are based on rights newly recognized by the Supreme Court

---

[2] In 2009, the appellate rules were amended to lengthen the time to file an appeal to fourteen days.

in *Sykes v. United States*, 131 S.Ct. 2267 (2011), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (Mem. at 5-9). Movant further asserts that he did not raise *Sykes* in his § 2241 motion because he was not provided notice that it would be construed as a § 2255 motion, but that he raised it his application for a certificate of appealability of the denial of that motion, which he filed within one year of the date that *Sykes* was handed down. (Mem. at 7-8; *see also United States v. Campos*, No. 12-10500, Certificate of Appealability Application "COA App." at 2).

Under § 2255(f)(3), the statute of limitations runs from the date on which a right was initially recognized by the Supreme Court, but only if that right is a newly recognized right made retroactively applicable to cases on collateral review. In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Id*. at 2163. In *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013), the Fifth Circuit held that *Alleyne* did not announce a newly recognized right made retroactively applicable to cases on collateral review because *Alleyne* was itself a direct criminal appeal, and because the Supreme Court did not declare that *Alleyne* applied retroactively.

In *Sykes*, the Supreme Court held that a prior conviction for knowing or intentional flight from a law enforcement officer was a violent felony for purposes of punishment enhancement under the ACCA. *Id*. at 2274-75. The Fifth Circuit has not specifically determined whether *Sykes*, a direct criminal appeal, announced a newly recognized right made retroactive to cases on collateral review. In *In re Bradford*, 660 F.3d 226, 230-31 (5th Cir. 2011), the Fifth Circuit noted that *Begay v. United States*, 553 U.S.137, 145-148 (2008), in which the Supreme Court held that a state conviction for driving under the influence is not a violent felony that would warrant a fifteen-year prison term under the ACCA, and other related ACCA cases, *Chambers v. United States*, 555 U.S. 122 (2009), and *James v. United States*, 550 U.S. 192 (2007), were all direct appeal cases, and that the Supreme

Court did not declare that any of them applied retroactively. The Fifth Circuit therefore declined to find that *Begay* should be made retroactive to cases on collateral review. 660 F.3d at 231. For the same reasons set out in *Bradford*, Movant has not demonstrated that *Sykes*, another related direct appeal ACCA case, should be made retroactive to cases on collateral review.[3] Therefore, § 2255(f)(3) does not apply.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, March 10, 2005, the one-year statute of limitations began to run from that date. He did not file his current § 2255 motion until July 28, 2013,[4] so it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his

---

[3] Notably, the Fifth Circuit considered Movant's argument that his first § 2255 motion was filed within one year of *Sykes* but found that he had failed to demonstrate that the denial of his § 2255 motion as time-barred was debatable, so it denied him a Certificate of Appealability. *See United States v. Campos*, No. 12-10500.

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, a movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant contends that he is entitled to equitable tolling for the time during which his prior § 2255 motion was pending because he was unable to raise a claim based on *Sykes* during that time. (Mem. at 8). The statute of limitations had expired years before Movant filed his first challenge to his conviction in February of 2012, however. Because he has not shown that *Sykes* was made retroactive to cases on collateral review, tolling for the entire time that his prior § 2255 motion was pending would still not save his current motion. He has not otherwise demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling.

### III.  ACTUAL INNOCENCE

In his reply, Movant contends in his reply that he is actually innocent of an ACCA offense. (Reply at 5-6).

Recently, in the context of a federal habeas petition brought by a state prisoner in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. That Court held that in order to be entitled to this exception to the

6

statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence. *Id*. at 1934-35.

Here, the Fifth Circuit specifically considered and rejected the same actual innocence argument raised in Movant's reply when it denied him a certificate of appealability of the denial of his earlier motion. *See United States v. Campos*, No. 12-10500. He has therefore failed to demonstrate actual innocence in order to overcome the one-year statute of limitations. Movant's motion to vacate should be denied as untimely.[5]

### IV. RECOMMENDATION

The Court should find the motion to vacate, set aside, or correct sentence to be barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 24th day of June, 2014.**

      *Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if Movant's arguments were considered on their merits, they fail. Both before and after *Sykes* was handed down, the Fifth Circuit has held that a previous conviction for possession of a deadly weapon in prison is a violent crime under the ACCA because that offense is similar in kind to the possession of a prohibited weapon, such as a sawed-off shotgun as defined in 26 U.S.C. § 5845(a). *See United States v. Marquez*, 626 F.3d 214, 221 (5th Cir. 2010); *United States v. Ramirez*, 2013 WL 2159861, *1-2 (5th Cir. May 21, 2013). Like a sawed-off shotgun, a silencer is listed in § 5845(a), and as such is primarily used for violent purposes when unlawfully possessed. *Marquez*, 626 F.3d at 222. A prior conviction for the unlawful possession of a silencer is therefore a crime of violence under the ACCA. Moreover, the Supreme Court in *Alleyne* specifically noted that the finding of the fact of a prior felony conviction, as in this case, is a sentencing factor, and is therefore an exception to the requirement that all facts that raise the mandatory minimum sentence must be found by a jury beyond a reasonable doubt. *See Alleyne*, 133 S.Ct. at 2160, n. 1.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE